UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JILL JONES-SODERMAN,

                            Plaintiff,

            - *against* -

RICHARD S. MAZAWEY, ESQ., RICHARD S. MAZAWEY (personal and individual capacity), LAW OFFICE OF RICHARD MAZAWEY, ESQ., MALPRACTICE INSURANCE CARRIER OF RICHARD MAZAWEY, ESQ., SPOUSE OF RICHARD MAZAWEY,

                            Defendants.

09 Civ. 3185 (SCR)(LMS)

**REPORT AND RECOMMENDATION**

TO: THE HONORABLE STEPHEN C. ROBINSON,
     UNITED STATES DISTRICT JUDGE

    *Pro se* Plaintiff Jill Jones-Soderman (herein, "Plaintiff") initiated the instant lawsuit against Defendants Richard S. Mazawey, Esquire, Law Office of Richard Mazawey, Esq., Malpractice Insurance Carrier of Richard Mazawey, Esq.,[1] and spouse of Richard Mazawey pursuant to 28 U.S.C. §1332 and §1367. See Docket #1, Complaint (herein, "Compl."). Defendant spouse of Richard Mazawey (herein, "Defendant") has filed a motion to dismiss the Complaint as to her for failure to state a claim upon which relief can be granted. See Docket # 5, Defendant's Memorandum of Law (herein, "Def's Mem."). The motion was fully submitted as of May 14, 2009, and for the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Defendant's motion to dismiss the Complaint as to her should be granted.

---

[1] Plaintiff agreed in open court to withdraw her claims against Defendant Malpractice Insurance Carrier of Richard Mazawey, Esq. without prejudice. See Docket # 9, Order.

1

## BACKGROUND

### I.  Facts

The following facts are drawn from the Plaintiff's Complaint and the documents incorporated by reference therein. Plaintiff alleges that she retained Richard Mazawey and his law firm to litigate a federal civil rights lawsuit in the United States District Court for the District of New Jersey, in Newark, New Jersey, based upon the suspension of her social work license. See Compl. ¶18, p.4. Plaintiff also alleges that she retained Mr. Mazawey and his firm to handle negotiations with the New York State Education Department's Office of Professional Discipline and the New York State Board for Social Work concerning the status of her social work license and to handle the negotiations of a lease-purchase contract for a piece of property that she was leasing with the option to buy. See Compl. ¶20, p.4.

The only allegations found in the Complaint regarding the spouse of Richard Mazawey state that "Defendant Richard S. Mazawey, and spouse, in their personal and individual capacities, have a residence address located upon knowledge and belief in Woodcliff Lake, New Jersey 07677," see Compl. ¶12, p.3, that Mr. Mazawey and his spouse profited from Plaintiff's cases, and that both are liable for all damages sustained by Plaintiff, see Compl. ¶89, p.21.

### II.  Procedural History

Counsel for the moving Defendant filed a motion to dismiss the Complaint claiming that the Complaint is completely devoid of any factual allegations that could support a claim against her. See Def's Mem. p.7. Defendant's counsel claims that the only factual allegation found in the Complaint regarding Defendant spouse of Richard Mazawey states her residence. Id at 3. Defendant argues that there are no facts in Plaintiff's Complaint that could substantiate any cause of action against her.

Plaintiff filed a Response Memorandum of Law to Defendant's motion on June 9, 2009. See Docket #10, Plaintiff's Response Memorandum (herein, "Plaintiff's Mem."). Plaintiff's theory of liability regarding Defendant appears to be grounded in the doctrines of tenancy by the entirety and agency. See Plaintiff's Mem. p.5-6. Plaintiff believes that Defendant is liable to her due to Defendant's ratification of her husband's tortious acts by profiting from, receiving, and retaining the benefits of his allegedly wrongful conduct. Id.

## DISCUSSION

### I. Standard of Review for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to state a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

When considering a defendant's Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the court must draw all inferences from those allegations in the plaintiff's favor, Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). A court, however, is not required to accept as true legal conclusions or "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements . . . ." Iqbal, 129 S. Ct. at 1949.

Previously, a Rule 12(b)(6) motion to dismiss would not be granted unless "it appeared beyond doubt that the plaintiff [could] prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Supreme Court, however, has explained that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," Bell Atl. Corp. v. Twombly, 550 U.S.

3

544, 562 (2007), since a literal reading of it would enable a conclusory statement of a claim to survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery," id at 561. Instead, to survive a motion to dismiss, a complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quotation omitted). A claim is facially plausible when the complaint contains enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id. Put another way, a plaintiff must set forth enough facts to "nudge[] [his or her] claim[s] across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

*Pro se* complaints, however, still must be liberally construed, Erickson, 551 U.S. at 94, and such complaints must be held to "less stringent standards than formal pleadings drafted by lawyers," id. (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Moreover, *pro se* complaints must be interpreted "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quotation omitted). A *pro se* complaint, however, must still state a facially plausible claim to survive a motion to dismiss. See, e.g., Boykin v. KeyCorp., 521 F.3d 202, 213-14 (2d Cir. 2008); Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008); Rosendale v. Bruise, 07 Civ. 8149 (CS)(GAY), 2009 WL 778418, at *3 (S.D.N.Y. March 25, 2009).

## II.     Plaintiff's Opposition to Defendant's Motion to Dismiss

Plaintiff alleges in her oppposition that by "accepting benefits (money) and profiting off (real estate and wealth) of her husband's attorney's practice, Defendant spouse of Richard Mazawey," ratified the acts of her husband as her agent. See Plaintiff's Mem. p.7. Generally, the "mere fact that the tortfeasor is married is not enough to render the innocent spouse liable."

4

41 AM. JUR. 2D *Husband and Wife* § 208 (2009). An individual, however, may be liable for the actions of his or her spouse through "actual participation, either actively or by express or implied instigation, authorization, or ratification." Id. "Under New York law, it is possible to imply ratification if the principal retains the benefit of an unauthorized transaction with knowledge of the material facts." Dover Ltd. v. A.B. Watley, Inc., 423 F. Supp. 2d 303, 318 (S.D.N.Y. 2006) (internal quotation marks and citation omitted); see also Breen Air Freight, Ltd. v. Air Cargo, Inc., 470 F.2d 767, 773 (2d. Cir. 1972) ("ratification can only occur when the principal, having knowledge of the material facts involved in a transaction, evidences an intention to ratify it.") (internal quotation marks omitted). A spouse, under certain circumstances, may also cause his or her spouse to incur liability under a theory of implied agency. See 45 N.Y. JUR. 2D *Domestic Relations* § 247 (2009). Implied agency may create liability for a spouse when the circumstances of a transaction raise the presumption that one spouse has either the authority to bind the other spouse or the authority to enter into contracts or make purchases on behalf of the other spouse. Id. Implied agency typically involves situations where one spouse has conducted business or made purchases on the other spouse's behalf. Id.

In the instant case, Plaintiff's Complaint fails to allege either that the moving Defendant actively participated in the actions forming the basis of her Complaint against Mr. Mazawey or that the moving Defendant instigated or caused Mr. Mazawey to interact with the Plaintiff with the intent to obtain the benefits of her husband's transactions with the Plaintiff. To the extent that Plaintiff alleges that the moving Defendant is liable on her claims due to "ratification," see Plaintiff's Mem. p. 8, Plaintiff would have to allege that the moving Defendant ratified Mr. Mazawey's *actions* vis-à-vis the Plaintiff. Plaintiff, however, cannot establish the moving Defendant's ratification of such actions by merely alleging that the moving Defendant

5

subsequently may have had a legal right to the proceeds Mr. Mazawey earned as a result of his business relationship with the Plaintiff. Moreover, a contract or transaction between an attorney and his or her client, alone, does not raise the presumption of the existence of an attorney's implied authority to enter into such contract on behalf of his or her spouse with his or her client. Rather, entrance into such a contract for legal services creates a contractual relationship between the client, the attorney, and the attorney's support staff and firm, if any. Plaintiff's theory of liability against the moving Defendant is based solely upon Defendant's alleged acceptance and retention of the benefits incurred by her husband, and absent any allegation that Defendant knowingly participated in the actions forming the basis of Plaintiff's causes of action or that Mr. Mazawey served as the moving Defendant's agent when dealing with Plaintiff, Plaintiff's agency theory of liability as to the moving Defendant is not colorable.

Plaintiff also alleges that the moving Defendant is liable to her under the doctrine of tenancy by the entirety. A tenancy by the entirety is a form of joint tenancy of real property that exists between a husband and wife. BLACK'S LAW DICTIONARY 1590 (8th ed. 2004). Tenancy by the entirety, which is also known as an "estate by entirety," is a common law estate where each spouse is considered to be "seised of the whole of the property," BLACK'S LAW DICTIONARY 1590 (8th ed. 2004), and where neither can compel partition of the property unilaterally, 24 N.Y. JUR. COTENANCY AND PARTITION §137 (2009). A tenancy by the entirety is inseparable "absent the consent of both spouses or upon divorce." BLACK'S LAW DICTIONARY 1590 (8th ed. 2004). Plaintiff's attempt to create liability on tort claims based upon a concurrent estate in real property, however, is not cognizable. Plaintiff's tenancy by the entirety theory applies only to real property ownership and it does not establish the moving Defendant's potential liability on any of Plaintiff's claims of alleged wrongful conduct.

## III. Plaintiff's Claims [2]

### A. The Claim for Breach of Duty, Breach of Contract, and Negligence (Count One)

Under New York law, a valid contract must be supported by consideration and include mutual assent, legal capacity, and legal subject matter. Murray v. Northrop Grumman Info. Tech., Inc., 444 F.3d 169, 178 (2d Cir. 2006). To prevail on a breach of contract claim, the plaintiff must show that the breach of contract was the cause in fact of the damages or loss he or she sustained. LNC Investments, Inc. v. First Fidelity Bank, 173 F.3d 454, 465 (2d Cir. 1999). Similarly, a prima facie case of negligence requires a showing that "(1) the defendant owed the plaintiff a cognizable duty of care as a matter of law; (2) the defendant breached that duty; and (3) plaintiff suffered damage as a proximate result of that breach." Curley v. AMR Corp., 153 F.3d 5, 13 (2d Cir. 1998).

In the present case, Plaintiff has failed to allege that the Defendant owed Plaintiff any duty of care, let alone that the Defendant breached that duty. Furthermore, Plaintiff's Complaint lacks any allegation that she and Defendant entered into a contract, which is a prerequisite to a claim for breach of contract. Plaintiff's theory that Defendant received money from her spouse that Plaintiff paid to him does not establish a cause of action in contract or negligence as to the moving Defendant. I conclude, and respectfully recommend that Your Honor should conclude, that Defendant's motion to dismiss should be granted as to Plaintiff's breach of duty, breach of contract, and negligence claims.

---

[2] In the absence of an argument that an express choice of law analysis must be conducted, or that the laws of the State of New York and New Jersey, which is the situs of Mr. Mazawey's law practice, materially conflict, the Court will assume that New York law applies for the purposes of this motion. See Krumme v. Westpoint Stevens, Inc., 238 F.3d 133, 138 (2d Cir. 2000).

7

### B.     The Claims for Legal Malpractice (Count Two) and Breach of Fiduciary Duty (Count Three)

To succeed on a claim for legal malpractice under New York law, a plaintiff must show "(1) a duty, (2) a breach of the duty, and (3) proof that actual damages were proximately caused by the breach of the duty." Tinelli v. Redl, 199 F.3d 603, 606 (2d Cir. 1999) (internal quotation marks and citation omitted). In New York, a fiduciary relationship exists "when one person is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." Flickinger v. Harold C. Brown & Co., 947 F.2d 595, 599 (2d Cir. 1991) (quoting RESTATEMENT (SECOND) OF TORTS § 874 cmt. a (1977)).

In this case, Plaintiff fails to allege any facts giving rise to a legal or fiduciary duty that the Defendant owed to Plaintiff. The Second Circuit has recognized the existence of the tort of knowing participation in the breach of a fiduciary duty. See Catskill Dev. LLC v. Park Place Entm't Corp., 547 F.3d 115, 134 (2d Cir. 2008). Such a claim would consist of allegations that a defendant knowingly induced or participated in a breach of a fiduciary duty owed to a plaintiff by a third party. Id. Under the facts of this case, however, there is no allegation that the moving Defendant induced Mr. Mazawey to breach his duties toward the Plaintiff. Furthermore, Plaintiff's Complaint is completely devoid of any allegations supporting the existence of either an attorney-client relation or a fiduciary relationship between Plaintiff and the moving Defendant personally. Because Plaintiff has failed to allege the first element of each of these causes of action, I conclude, and respectfully recommend that Your Honor should conclude, that Defendant's motion to dismiss should be granted as to the Plaintiff's legal malpractice and breach of fiduciary duty claims.

### C.     The Claim for Negligent and Intentional Infliction of Emotional Distress (Count Eight)

To state an intentional infliction of emotional distress claim in New York, a plaintiff must allege that a defendant engaged in "(1) extreme and outrageous conduct; (2) [with the] intent to cause, or [with the] reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999). A claim for intentional or negligent infliction of emotional distress must also be accompanied by allegations concerning the nature of the Defendant's conduct, which must be alleged to be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Sheila C. v. Povich, 11 A.D.3d 120, 130-31 (1st Dep't 2004) (quoting Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303 (1983)).

In the instant case, Plaintiff's Complaint fails to allege that Defendant engaged in any intentional conduct directed toward Plaintiff. In the absence of any such allegation, Plaintiff cannot satisfy the extreme and outrageous conduct requirement mandated by New York law. I conclude, and respectfully recommend that Your Honor should conclude, that Defendant's motion to dismiss the negligent and intentional infliction of emotional distress claims should be granted.

### D. The Claims for Intentional Misrepresentation and/or Negligent Misrepresentation (Count Four) and Fraudulent Inducement (Count Seven)

Intentional misrepresentation, also known as fraud under New York law, requires the Defendant to "knowingly and with intent to deceive, make a false representation upon which Plaintiff reasonably relies to his [or her] detriment." Chen v. United States, 854 F.2d 622, 628 (2d Cir. 1988). To prevail on a claim for negligent misrepresentation under New York law, Plaintiff is required to allege that "(1) the defendant had a duty, as a result of a special

relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 20 (2d Cir. 2000). Similarly, fraudulent inducement requires a plaintiff to plead that a defendant "knowingly or recklessly misrepresented a material fact, intending to induce the plaintiff's reliance, and that the plaintiff relied on the misrepresentation and suffered damages as a result." Merril Lynch & Co. v. Allegheny Energy Inc., 500 F.3d 171, 181 (2d Cir. 2007).

In the present case, Plaintiff's Complaint fails to allege that Defendant made any statement or representation regarding a material fact upon which Plaintiff relied. Plaintiff's Complaint is completely devoid of any allegations regarding any duty the moving Defendant had to give correct information to Plaintiff or of any reasonable reliance by Plaintiff upon such statements. I therefore conclude and respectfully recommend that Your Honor should conclude that Defendant's motion to dismiss the "intentional and/or negligent misrepresentation" and fraudulent inducement claims should be granted.

### E.     The Claim for Malicious Abuse of Process (Count Nine)

Under New York law, a claim for malicious abuse of process exists when a defendant "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994). In the present case, Plaintiff has failed to allege any instance in which the Defendant filed any legal process involving Plaintiff. I conclude and respectfully recommend that Your

Honor should conclude that Defendant's motion to dismiss should be granted as to the malicious abuse of process claim.

### F. The Claim for Defamation and Slander (Count Ten)

A defamatory statement is one that "exposes an individual to public hatred, shame, . . . contempt, ridicule, aversion, ostracism, degradation, or disgrace, or . . . induces an evil opinion of one in the minds of right-thinking persons, and . . . deprives one of . . . confidence and friendly intercourse in society." Celle v. Filipino Reporter Enter. Inc., 209 F.3d 163, 177 (2d Cir. 2000) (quoting Kimmerle v. New York Evening Journal, 262 N.Y. 99, 102 (1933)). To state a claim for slander under New York law, there must be "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." Albert v. Loksen, 239 F.3d 256, 265-66 (2d Cir. 2001).

A review of the Complaint leads me to conclude and respectfully recommend that Plaintiff has failed to allege that the Defendant made any statement about the Plaintiff. Further, the Complaint contains no allegations that Defendant publicized any such defamatory statements to third parties. I therefore conclude and respectfully recommend that Your Honor should conclude that Defendant's motion to dismiss the Plaintiff's claims of defamation and slander as to the moving Defendant should be granted.

### G. The Claim for Intentional and Malicious Interference with Prospective Economic Advantage (Count Eleven)

New York law requires a plaintiff claiming intentional and malicious interference with prospective economic advantage to allege that "(1) [he or she] had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the

11

defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." Kirch v. Liberty Media Corp., 449 F.3d 388, 400 (2d Cir. 2006) (quoting Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2d Cir. 2003)).

In the instant case, Plaintiff's Complaint fails to allege that the Defendant had any knowledge of a business relationship between Plaintiff and a third party or that Defendant herself interfered or caused injury to that relationship. Absent such allegations, I conclude and respectfully recommend that Your Honor should conclude that Defendant's motion to dismiss the claims for intentional and malicious interference with prospective economic advantage should be granted.

### H. The Claims for Breach of Warranties, Both Implied and Express and the Breach of Implied Covenant of Good Faith and Fair Dealing (Count Six)

Under New York law, warranties are generally limited to the sale of goods. Aegis Prod. v. Arriflex Corp. of Am. 25 A.D.2d 639 (1st Dep't 1966). Thus, where "the service is performed negligently, the cause of action accruing is for that negligence[, and] if it constitutes a breach of contract, the action is for that breach." Id.; see also Barnett v. City of Yonkers, 731 F. Supp. 594, 601 (S.D.N.Y. 1990) (stating that New York does not recognize breach of implied warranty for the negligent performance of professional services for service-oriented contracts). Furthermore, the breach of an implied covenant of good faith and fair dealing requires the existence of a contract. M/A-COM Sec. Corp. v. Galesi, 904 F.2d 134, 136 (2d Cir. 1990). The implied covenant of good faith and fair dealing exists to prevent the parties to a contract from taking actions that would have the "effect of destroying or injuring the right of the other party to receive the fruits of the contract." Id.

In the present case, Plaintiff has failed to allege the existence of a contract with the Defendant and has failed to assert any instance in which Defendant performed an act or service

12

upon which the claim for breach of warranty or implied covenant of good faith and fair dealing could rest. For these reasons I conclude, and respectfully recommend that Your Honor should conclude, that the moving Defendant's motion to dismiss the Plaintiff's breach of warranty claims, along with her breach of the covenant of good faith and fair dealing claim, should be granted.

### I.  The Claim For Barratry and Barratrous and Meritless Actions Committed by Defendant (Count Twelve)

Barratry is defined as "the offense of frequently exciting or stirring up suits and quarrels between others." See 14 AM. JUR. 2D *Champerty, Maintenance, Etc.* §16 (2008). Barratry has rarely been prosecuted and the statute codifying the common law offense in New York - formerly New York Penal Law §320 - has been repealed. See 18 N.Y. JUR. 2D *Champerty and Maintenance* §1 (2009). New York law had criminalized barratry as a misdemeanor and required a showing that a defendant had "excited actions or legal proceedings, in at least three instances, and with a malicious intent to vex or annoy." People v. Budner, 15 N.Y.2d 253, 256 (1965). The existence of a criminal statute codifying barratry, however, did not create a corresponding civil cause of action. See 14 AM. JUR. 2D *Champerty, Maintenance, Etc.* §16 (2008).

In the instant case, Plaintiff alleges that Defendant committed acts of barratry by creating meritless lawsuits and quarrels involving Plaintiff. New York currently possesses neither a civil nor criminal statute codifying the common law offense of barratry. Even assuming that barratry is a cognizable cause of action, Plaintiff nevertheless fails to allege that Defendant has excited any action or legal proceeding against Plaintiff. I therefore conclude and respectfully recommend that Your Honor should conclude that Defendant's motion to dismiss the barratry, barratrous, and meritless actions claims should be granted.

## CONCLUSION

For the forgoing reasons I conclude, and respectfully recommend that Your Honor should conclude, that Defendant Spouse of Richard Mazawey's motion to dismiss, docket #7, should be granted in its entirety and that Defendant Spouse of Richard Mazawey should be dismissed from this case.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: August 7, 2009
White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

    The Honorable Stephen C. Robinson, U.S.D.J.
    Plaintiff *pro se* and Counsel of Record for Defendants