UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JILL JONES-SODERMAN,

    Plaintiff,

v.

RICHARD S. MAZAWEY, ESQ., RICHARD
S. MAZAWEY, in his personal and individual
capacity, LAW OFFICE OF RICHARD
MAZAWEY, ESQ., MALPRACTICE
INSURANCE CARRIER OF RICHARD
MAZAWEY, ESQ., SPOUSE OF RICHARD
MAZAWEY,

    Defendants.

09 Civ. 3185 (SCR) (LMS)

MEMORANDUM ORDER
ADOPTING REPORT AND
RECOMMENDATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**STEPHEN C. ROBINSON, United States District Judge:**

Jill Jones-Soderman ("Plaintiff"), proceeding *pro se*, brought this action against Richard S. Mazawey, Esq. ("Defendant Mazawey"), Law Office of Richard Mazawey, Esq., Malpractice Insurance Carrier of Richard Mazawey, Esq.,[1] and spouse of Richard Mazawey ("Defendant Spouse"), alleging violations of 28 U.S.C. § 1331 and § 1367. Defendant Spouse filed a motion to dismiss the Complaint as to her pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Court referred the motion to Magistrate Judge Lisa M. Smith to issue a Report and Recommendation. Judge Smith issued the Report and Recommendation on August 7, 2009, recommending that this Court dismiss all of Plaintiff's claims against Defendant Spouse. As Judge Smith explicitly noted at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the Federal Rules of Civil Procedure,

---

[1] Plaintiff agreed before Judge Smith to withdraw her claims against Defendant Malpractice Insurance Carrier of Richard Mazawey, Esq. without prejudice. *See* Order dated June 3, 2009.

1

the parties had a right to file written objections to the Report and Recommendation within thirteen working days from August 7, 2009. Plaintiff filed Objections to the Report and Recommendation on August 25, 2009.

For the reasons set forth below, this Court adopts Judge Smith's Report and Recommendation in its entirety and dismisses Plaintiff's claims against Defendant Spouse.

I. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Kirk v. Burge*, No. 07 Civ. 7467, 2009 WL 438054, at *1 (S.D.N.Y. Aug. 6, 2009). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003)

(collecting cases). Further, district courts "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *See Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) (collecting cases).

## II. DISCUSSION

Plaintiff objects to Judge Smith's Report and Recommendation on the grounds that Defendant Spouse "can be held accountable for proceeds from [her] husband's involvement in fraudulent actions, malpractice, or other types of actions." *See* Obj. at pp. 1-2. Plaintiff asserts various legal mechanisms through which Defendant Spouse may be held accountable, including by piercing the corporate veil of Defendant Mazawey's law firm and disgorging any profits and/or by relying upon the constructive trust doctrine to recover any of Defendant Mazawey's proceeds that are being held in Defendant Spouse's name. *See id.* at pp. 2-4. Plaintiff also argues that Defendant Spouse should not be dismissed from the action at this time because Defendant Spouse's involvement, including whether she has profited from and/or is living off of her husband's proceeds, cannot be determined without discovery. *See id.* at pp. 2, 4-5. These arguments are raised for the first time in Plaintiff's Objections to the Report and Recommendation and therefore are not properly before this Court.

Plaintiff's objections fail to address any legal rule, analysis, or characterization of material facts in Judge Smith's Report and Recommendation. Therefore, this Court has reviewed the Report and Recommendation for clear error only and has determined that there is no clear error on the face of the record.

3

## III. CONCLUSION

Having reviewed Judge Smith's thorough and well-reasoned Report and Recommendation, this Court adopts Judge Smith's findings in their entirety. Accordingly, Defendant Spouse's motion to dismiss is GRANTED. The Clerk of the Court is directed to dismiss Defendant Spouse from the action and to terminate docket entry # 7.

*It is so ordered.*

Dated: White Plains, New York
January 6, 2010

Stephen C. Robinson, U.S.D.J.